IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY LEWIS,** | : | Civil No. 1:21-CV-195 |
| | : | |
| Plaintiff, | : | |
| | : | (Magistrate Judge Carlson) |
| v. | : | |
| | : | |
| LEWIS DEJOY,[1] Postmaster General | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

I. **Statement of Facts and of the Case**[2]

This case, which comes before us for consideration of a motion to dismiss, or in the alternative for summary judgment, (Doc. 15), presents questions concerning the timeliness of the plaintiff's complaint, which alleges age and disability based employment discrimination. (Doc. 1). With respect to these timeliness issues, the essential facts are undisputed.

On November 19, 2016, the plaintiff, Barry Lewis, who was formerly employed by the Postal Service, filed a complaint of discrimination with the Equal

---

[1] Louis DeJoy became the Postmaster General on June 16, 2020. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, DeJoy therefore is substituted for Megan Brennan as the defendant in this suit.

[2] This statement of facts is taken from the parties' submissions to the extent that those submissions are supported by independent evidence.

1

Employment Opportunity Commission (EEOC), alleging he was discriminated against due to his age and disability. (Doc. 17, ¶ 1, Ex. 1, EEOC's June 29, 2018 decision). Following protracted agency proceedings, on September 2, 2020, EEOC's Office of Federal Operations (OFO) denied Lewis' request to reconsider an earlier decision which granted summary judgment in favor of the Postal Service on these discrimination claims. (Id. ¶¶ 2-7).

In addition to notifying Lewis of the outcome of this agency proceeding, the EEOC's September 2, 2020 letter to Lewis advised the plaintiff in clear and precise terms as follows:

> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.

(Doc. 17-2, at 65) (emphasis in original).

Lewis has admitted that he received this September 2, 2020 correspondence advising him that he had 90 days in which to appeal this adverse agency decision on September 7, 2020. (Doc. 17, Ex. 7, Lewis' September 2, 2021 letter filed at Doc. 14 at ¶ 2, 1 of 16). Notwithstanding his receipt of this notice, Lewis did not file this complaint until February 3, 2021, some 149 days after receiving notice of this agency action and his obligation to timely file a complaint in federal court within 90 days.

2

It is against the backdrop of these undisputed facts that the defendant has moved to dismiss this complaint, or in the alternative for summary judgment, arguing that Lewis' uncontested failure to comply with the 90 day deadline for filing this lawsuit now bars his claim. As discussed below, we agree that this claim is now time-barred. Therefore, the defendant's motion for summary judgment will be granted.

## II. Discussion

### A. Motion to Dismiss or in the Alternative for Summary Judgment – Standard of Review

The defendant framed this motion as one seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56. When a party moves to dismiss, but where "matters outside the pleadings are presented to and not excluded by the court, the motions shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Typically, when a court converts a motion to dismiss into a motion for summary judgment under Rule 56, notice must be given to all parties of the court's intent to do so. Id.; Garcia v. Newtown Twp., No. 09-CV-3809, 2010 U.S. Dist. LEXIS 20380, 2010 WL 785808, at *3 (E.D. Pa. March 5, 2010). However, if a motion to dismiss has been filed with an alternative request for summary judgment, the Court of Appeals for the Third Circuit has found that the alternative filing is sufficient to "place the parties on notice

that summary judgment might be entered." Latham v. United States, 306 F. App'x 716, 718 (3d Cir. 2009) (citing Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996) ). Accordingly, we find that it is appropriate to treat Defendants' motion as one for summary judgment, and we find further that Plaintiff has responded to the motion accordingly by filing some 386 pages of material along with his response to this motion. Tarpley-Bey v. United States, No. 3:17-CV-1751, 2019 WL 1104185, at *2 (M.D. Pa. Jan. 24, 2019), report and recommendation adopted sub nom. Tarpley-Bey v. Agents of United States, No. 3:17-CV-01751, 2019 WL 1099004 (M.D. Pa. Mar. 8, 2019).

Rule 56 of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Through summary adjudication, a court is empowered to dispose of those claims that do not present a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010). The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a

material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id., at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006), accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id., at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F. Supp. 474, 482 (D.N.J. 1995). Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007) (citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark New Jersey v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982); see Sunshine Books, Ltd. v. Temple University, 697 F.2d 90, 96 (3d Cir. 1982). "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985) (citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

Finally, it is emphatically not the province of the court to weigh evidence or assess credibility when passing upon a motion for summary judgment. Rather, in adjudicating the motion, the court must view the evidence presented in the light most

favorable to the opposing party, Anderson, 477 U.S. at 255, and draw all reasonable inferences in the light most favorable to the non-moving party. Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true. Id. Additionally, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make credibility determinations, but instead must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Anderson, 477 U.S. at 252; see also Big Apple BMW, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the fact finder to ascertain the believability and weight of the evidence.

Id. In contrast, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### B. Limitations Period—Employment Discrimination

With respect to this employment discrimination lawsuit, it is well-settled that a complaint raising allegations of workplace discrimination must be filed in the

7

District Court within 90 days of Plaintiff's *receipt* of a right-to-sue notice from the EEOC. 42 U.S.C. 2000e–5(f)(1); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). The regulations promulgated by the EEOC mandate the time frames to be followed to exhaust administrative remedies. Under these regulations, a former federal employee must bring an action in federal court within 90 days of receipt of notice of final agency action or after 180 days from the date of filing a complaint when no decision has yet been reached. See 29 C.F.R. §1614.407. Thus, in order to maintain a claim for relief in federal court under Title VII, a plaintiff must file a complaint within 90 days of receiving a notice of the agency's final action from the EEOC. See 42 U.S.C. § 2000e–5(f)(1); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984); Burgh v. Borough City Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). The actual receipt of the right-to-sue correspondence from the EEOC, and not the date affixed to the letter by the agency, is what controls in calculating the timeliness of a complaint following the conclusion of the agency's inquiry. As one court has aptly observed in this regard, the 90–day period set by law begins to run on the date "the complainant *receives* the right-to-sue letter." Id. (citations omitted) (emphasis added.)

Further, this 90-day filing period operates as a statute of limitations in these cases and is not subject to extension, except where equitable considerations are found to apply. Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir.

1986); see also Burgh, 251 F.3d at 470 ("[I]n the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed."). See Slough v. Redner's Markets, Inc., No. 1:12-CV-1820, 2013 WL 5176740, at *3 (M.D. Pa. Sept. 12, 2013). Accordingly, this 90-day deadline may not be tolled by "courts out of a vague sympathy for particular litigants." Rockmore v. Harrisburg Prop. Serv., 501 F. App'x 161, 164 (3d Cir. 2012) (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (*per curiam*)). Rather:

> Equitable tolling, applied sparingly, see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 90, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), is [only] appropriate in such circumstances as "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994).

Black v. U.S. Post Off., 179 F. App'x 850, 851–52 (3d Cir. 2006).

## C. **The Defendant is Entitled to Summary Judgment.**

Judged against these settled legal guideposts, Lewis' complaint is now time-barred. As to this statute of limitations issue, the essential facts are entirely uncontested. On September 7, 2020, Lewis received a notice from the EEOC of its final action on his discrimination complaint. That notice clearly informed Lewis that:

> You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head

or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.

(Doc. 17-2, at 65) (emphasis in original).

Having been admonished that he was required to file a lawsuit within 90 days or face dismissal of his claims, Lewis failed to take timely action, waiting some 149 days before filing this lawsuit. On these facts, a straightforward application of the 90-day limitations period prescribed by law bars this lawsuit. Further, Lewis' efforts to escape the bar of the statute of limitations are unavailing. While his position on this matter is not entirely clear, it appears that Lewis believes the statute of limitations should not apply to him because he notified the EEOC that he intended at some time in the future to file a lawsuit; he and his former counsel were uncertain where to file this lawsuit; and he was awaiting further instructions from the EEOC regarding how he should proceed. (Doc. 14).

As we have noted, this 90-day deadline may not be tolled by "courts out of a vague sympathy for particular litigants." Rockmore., 501 F. App'x at 164. Further, equitable tolling only applies "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum," Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.

10

1994). Accordingly, we find that Lewis has not carried his burden of showing that equitable tolling of the statute of limitations is appropriate in this case.

At the outset, Lewis presents no evidence that he was actively misled by the defendant. Quite the contrary, Lewis was clearly warned that: "You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.. . . . Failure to do so may result in the dismissal of your case in court." Nor has Lewis shown that he timely asserted his claims in the wrong forum. Simply put, while Lewis' alleged confusion regarding where to file his complaint may have provided grounds for equitable tolling if he had elected to timely file a complaint in some forum, it does not justify a wholesale failure to timely pursue this claim.

Further, Lewis' averments do not demonstrate that he was prevented in some extraordinary way from timely asserting his claims. On this score, we note that Lewis may not excuse this tardiness by claiming that he informed the EEOC that he planned to file a lawsuit at some future date. Lewis' aspirational statement that he intended to sue was not the equivalent of actually filing a complaint and that aspirational assertion, standing alone, does not toll the statute of limitations. In the same vein, the fact that Lewis and his former counsel may have been confused regarding where to file a complaint, and Lewis' claim that he was awaiting further guidance from the EEOC, do not absolve the plaintiff from compliance with the

statute of limitations. This argument fails for two at least two reasons. First, as a matter of law, allegations of confusion between a plaintiff and counsel concerning filing responsibilities do not automatically warrant equitable tolling, particularly when as in this case there is a significant delay in filing the plaintiff's complaint. Black, 179 F. App'x at 851–52. Additionally, this argument fails as a matter of fact, since the EEOC's September 2, 2020 correspondence to Lewis informed him in clear and precise terms that: "You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision." Given the clear instruction to file a complaint "in an appropriate United States District Court **within ninety (90) calendar days,"** Lewis cannot make a showing of the type of extraordinary circumstances necessary to warrant tolling of the limitations period, and his complaint must be dismissed.

### III. Conclusion

Accordingly, finding that this complaint is time-barred and that there are no grounds for equitable tolling of the statute of limitations, IT IS ORDERED that the defendant's motions to dismiss, or in the alternative for summary judgment, (Doc. 15), is GRANTED.

An appropriate order follows.

*s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: September 23, 2021.